UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL D. PASSMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00584-JPH-MJD |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTION -- | ) | |
| PUTNAMVILLE CORRECTIONAL FACILITY, | ) | |
| WEXFORD OF INDIANA LLC, | ) | |
| ROBERT CARTER, JR., | ) | |
| D. ZATECKY, | ) | |
| K. HARTZEL, | ) | |
| WEST, | ) | |
| NAUMAN, | ) | |
| JAMES, | ) | |
| CHRIS WILLIAMS, | ) | |
| BRIAN SNOW, | ) | |
| TEN JOHN DOES CENTRAL, | ) | |
| OFFICE SPECIAL HAZARD TEAM, | ) | |
| DARBY HENERY, | ) | |
| BRANDY LEEK, | ) | |
| TAYLOR FORQUES, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Directing Severance of Claims**

Michael Passmore is an inmate at the Putnamville Correctional Facility. He filed a 42-page complaint against twenty-four defendants. This omnibus complaint includes unrelated claims against different defendants. However, "[u]nrelated claims against different defendants belong in different suits." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). To remedy this misjoinder of claims, the deliberate indifference claim alleged against Lt. Nauman shall proceed in this action and the remaining claims shall be severed at Mr. Passmore's request consistent with the terms set forth below.

1

## I. Claims Alleged

### A. Eighth Amendment Claim Against Lt. Nauman

On August 7, 2020, Mr. Passmore was taken to an outside ballfield while the prison was supposed to be cleaned in response to the COVID-19 pandemic.  Dkt. 1 at p. 14. Mr. Passmore told Lt. Nauman "that I was lily white and Nordic, a blond who was allergic to too much sun and subject to burn." Dkt. 1 at p. 14. Lt. Nauman asked if Mr. Passmore had a sun pass and when Mr. Passmore said no, Lt. Nauman required him to go out on the ballfield. *Id*. Mr. Passmore then spent 8 hours outside without access to shade. He alleges that the temperature was in excess of 90 degrees and that he suffered a serious sunburn. This claim shall proceed in this action.

### B. Misjoined Claims

#### 1. COVID-19 Protocals

Mr. Passmore alleges that he has "numerous diseases, disabilities, and chronic health conditions." Dkt. 1 at p. 11. He asserts that Wexford of Indiana, LLC, was deliberately indifferent to his serious medical needs as reflected by its cost-over-care policy. Mr. Passmore specifically alleges that Darby Henry's failure to properly use Personal Protective Equipment (PPE) exposed Mr. Passmore to the COVID-19 virus. Dkt. 1 at p. 12 and 24.

#### 2. Mold

After Mr. Passmore was informed that he tested positive for COVID-19, he was moved from quarantine to a COVID-19 positive dorm. Mr. Passmore alleges that the dorm was "the dirtiest, nastiest, most unsanitary dorm" at the prison. Dkt. 1 at p. 17. In particular, he complains of poor ventilation and toxic black mold and mildew that worsened his health conditions. *Id*. Mr. Passmore was later moved to the prison infirmary because he was having difficulty breathing. There, the bathroom was unsanitary and had standing water on the floor with mold present on the

floor and in the shower. Mr. Passmore told Officer Justice about the mold as he had been instructed by K. Hartzel. Officer Justice did nothing to remedy the situation and instead told Mr. Passmore to clean it up. Mr. Passmore was too sick and struggling to breathe to clean. The mold was allegedly never treated.

### 3. Parole Board Hearing

Mr. Passmore alleges that he was denied Notice of his Parole Board Hearing on August 18, 2020, in violation of his due process rights. Dkt. 1 at p. 19.

### 4. Grievance Process

Mr. Passmore was allegedly denied access to grievances in a timely manner and his grievances were improperly denied. Mr. Passmore believes Mr. Williams, the grievance supervisor, retaliated against him. Dkt. 1 at p. 20.

### 5. Denial of Medications

Mr. Passmore alleges that he was denied medications on August 20-22, 2020. On August 20th, Nurse B. Leck did not provide his medications. On the 21st and 22nd, Nurse Darby Henry did not provide the medications. *Id.* at p. 21. Mr. Passmore alleges that Wexford's pharmacy employees regularly violate policy and procedures. *Id.* at pp. 21-22.

## II. Severance of Claims

The claims identified above include unrelated claims against different defendants. These claims belong in different suits. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

3

Rule 18(a) of the *Federal Rules of Civil Procedure* provides that "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

The excessive sun exposure claim against Lt. Nauman shall proceed in this action. All other claims are misjoined. In such a situation, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. The misjoined claims shall either be severed into new actions or dismissed without prejudice. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). The plaintiff is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If new actions are opened, the plaintiff will be responsible for the filing fee associated with each new case. In

addition, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for each new case. As always, the plaintiff should consider whether to file any particular civil action.

The plaintiff shall have **through June 21, 2021,** in which to **notify the Court** whether he wishes the Court to sever any claims identified above into new actions, and if so, he must identify which claims against which defendants he wants to proceed. If there were additional claims raised in the original complaint that the Court failed to identify, the plaintiff may identify those claims and they will be severed. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

**SO ORDERED.**

Date: 5/20/2021

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL D. PASSMORE
962822
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only